IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE LAGE LANDEN<br>FINANCIAL SERVICES, INC.<br>1111 Old Eagle School Road<br>Wayne, PA 19087-6608<br>                Plaintiff<br><br>            v.<br><br>BECKER INCORPORATED<br>21 Spielman Road<br>Fairfield, NJ 07004<br><br>RUSSEL BECKER<br>32 Westmount Drive<br>Livingston, NJ 07039<br><br>CHERYL BECKER<br>32 Westmount Drive<br>Livingston, NJ 07039<br>                Defendants | :<br>:<br>:<br>:<br>:  No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

**I.    PARTIES**

1.    Plaintiff, De Lage Landen Financial Services, Inc. ("DLL") is a Michigan corporation, a citizen of the State of Pennsylvania, with a corporate headquarters at 1111 Old Eagle School Road, Wayne, Chester County, PA and for all purposes hereunder is assignee of Summit Commercial Leasing Corporation ("Summit").

2.    DLL is in the business, *inter alia*, of financing leased office equipment.

3.    Defendant, Becker Incorporated ("Lessee"), a citizen of the State of New Jersey, is a New Jersey corporation that maintains its principal place of business at 21 Spielman Road, Fairfield, NJ 07004.

125454 v1

4.      Defendant, Russell Becker, a citizen of the State of New Jersey, is an adult individual with an address of 32 Westmount Drive, Livingston, NJ 07039.

5.      Defendant, Cheryl Becker, a citizen of the State of New Jersey, is an adult individual with an address of 32 Westmount Drive, Livingston, NJ 07039.

## II.    JURISDICTION AND VENUE

6.      This is an action between citizens of different states.  The matter in controversy exceeds the sum or value of $75,000, exclusive of all costs.  This Court therefore has jurisdiction of this matter by virtue of 28 U.S.C. § 1332 (a)(1) and pursuant to the Lease between the parties wherein the Lessee agreed to subject itself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  By reason of the foregoing, the present action is properly before this Court.

7.      Venue is properly laid within this judicial district pursuant to 28 U.S.C. § 1391 (a)(2) and pursuant to the aforementioned consent by Lessee to subject itself to the jurisdiction of United States District Court for the Eastern District of Pennsylvania.

## III.   FACTS

8.      On or about October 27, 1999, Lessee executed lease number 24317220 ("Lease A") with Summit for certain equipment referred to therein.

9.      Lease A obligated Lessee to make sixty (60) equal monthly payments in the minimum amount of $4,415.16, after which time it was required to return the leased equipment.

10.     On or about September 13, 2000, Lessee executed lease number 24358481 ("Lease B") with Summit for certain equipment referred to therein.

125454 v1

11. Lease B obligated Lessee to make sixty (60) equal monthly payments in the minimum amount of $404.00, after which time it was required to return the leased equipment.

12. On or about October 6, 2000, Lessee executed lease number 24362408 ("Lease C", collectively with Lease A and Lease C, the "Leases") with Summit for certain equipment referred to therein.

13. Lease C obligated Lessee to make sixty (60) equal monthly payments in the minimum amount of $276.82, after which time it was required to return the leased equipment.

14. As a condition of entering into Lease A and Lease B, DLL required that Russell Becker and Cheryl Becker (collectively, "Guarantors") guarantee the performance of the Lease obligations.

15. Guarantor agreed to guarantee the Lease obligations personally.

16. Lessee made twenty-three (23) Lease A payments, the last of which was received in February, 2002.

17. Lessee made seventeen (17) Lease B payments, the last of which was received in February, 2002.

18. Lessee made fifteen (15) Lease B payments, the last of which was received in February, 2002.

## COUNT I
## BREACH OF CONTRACT
### De Lage Landen Financial Services, Inc. v. Lessee

19. The allegations contained in paragraphs 1 through and including 18 are incorporated herein by reference as if fully set forth.

125454 v1

20. The failure to make the required monthly payments as they come due under the Leases constitutes an event of default under the Leases.

21. As a result of, *inter alia*, Lessee's failure to make the required payments when due, DLL declared the Leases in default and further declared the entire balance of the unpaid payments for the full term thereunder immediately due and payable as permitted by the Leases.

22. Lessee failed to return the leased equipment upon default as required by the Lease.

23. The accelerated amounts due under Lease A plus the residual value of the equipment totals $163,360.92.

24. The accelerated amounts due under Lease B plus the residual value of the equipment totals $17,372.00.

25. The accelerated amounts due under Lease C plus the residual value of the equipment totals $12,456.90.

26. The Leases provide that in the event that Lessee fails to make a Lease payment when due, DLL is entitled to a minimum of five percent (5%) of the overdue Lease payment or a minimum of $10.00 for each delayed Lease payment for the loss of use of the overdue amount and for additional administrative expenses incurred as a result of the delayed payment.

27. Lessee has incurred late charges of $1,324.56 and finance charges of $728.42 as a result of late payments on Lease A.

28. Lessee has incurred late charges of $121.20 and finance charges of $60.60 as a result of late payments on Lease B.

29.   Lessee has incurred late charges of $68.90 and finance charges of $29.05 as a result of late payments on Lease C.

30.   The Leases provide that upon default, monies due thereunder shall bear interest at the rate of eighteen percent (18%) per annum from the date of default until paid.

31.   The Leases provide that Lessee shall pay all expenses and reasonable attorneys' fees incurred by DLL in connection with the enforcement of its rights thereunder.

32.   Despite its obligation to do so, Lessee has failed and refused to fulfill its obligations under the Leases.

WHEREFORE, Plaintiff, De Lage Landen Financial Services, Inc., demands judgment in its favor and against Lessee in the amount of $183,065.65 (representing the accelerated amounts due under the Leases, residual value of the leased equipment, late charges and finance charges), plus prejudgment and postjudgment interest at eighteen per cent (18%) per annum from the date of default, costs, reasonable attorneys fees and such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT
## De Lage Landen Financial Services, Inc. v. Russell Becker

33.   The allegations contained in paragraphs 1 through and including 32 are incorporated herein by reference as if fully set forth.

34.   Russell Becker absolutely and unconditionally guaranteed the due and punctual payment to DLL when due of all amounts payable under the Leases; the full, prompt and unconditional discharge of every obligation to be performed by Lessee

125454 v1

under the Leases and all expenses of obtaining and endeavoring to obtain payment or performance thereof, or of enforcing the Guaranties.

35. As Lessee failed to make the required payments when due and otherwise failed to perform its obligations under the Leases, DLL declared the Leases in default and despite repeated demands, Russell Becker has failed and refused to fulfill his obligations under the Guaranties.

36. The failure and refusal of Russell Becker to fulfill his obligations pursuant to the Personal Guaranties constitutes breaches thereof.

WHEREFORE, Plaintiff, De Lage Landen Financial Services, Inc., demands judgment in its favor and against Lessee in the amount of $183,065.65 (representing the accelerated amounts due under the Leases, residual value of the leased equipment, late charges and finance charges), plus prejudgment and postjudgment interest at eighteen per cent (18%) per annum from the date of default, costs, reasonable attorneys fees and such other relief as this Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT
### De Lage Landen Financial Services, Inc. v. Cheryl Becker

37. The allegations contained in paragraphs 1 through and including 36 are incorporated herein by reference as if fully set forth.

38. Cheryl Becker absolutely and unconditionally guaranteed the due and punctual payment to DLL when due of all amounts payable under the Leases; the full, prompt and unconditional discharge of every obligation to be performed by Lessee under the Leases and all expenses of obtaining and endeavoring to obtain payment or performance thereof, or of enforcing the Guaranties.

125454 v1

39.   As Lessee failed to make the required payments when due and otherwise failed to perform its obligations under the Leases, DLL declared the Leases in default and despite repeated demands, Cheryl Becker has failed and refused to fulfill her obligations under the Guaranties.

40.   The failure and refusal of Cheryl Becker to fulfill her obligations pursuant to the Personal Guaranties constitutes breaches thereof.

WHEREFORE, Plaintiff, De Lage Landen Financial Services, Inc., demands judgment in its favor and against Lessee in the amount of $183,065.65 (representing the accelerated amounts due under the Leases, residual value of the leased equipment, late charges and finance charges), plus prejudgment and postjudgment interest at eighteen per cent (18%) per annum from the date of default, costs, reasonable attorneys fees and such other relief as this Court deems just and proper.

By:_____
   Christopher C. Negrete
   I.D. No. 86152
   Michael J. McCaney, Jr.
   I.D. No. 28013
   FLAMM, BOROFF & BACINE, P.C.
   925 Harvest Drive, Suite 220
   Blue Bell, PA 19422
   (215) 239-6000
   Counsel for Plaintiff
   De Lage Landen Financial Services, Inc.

Dated:_____

125454 v1